Peck J.
delivered the opinion of the court.
This case is not embraced by the act of 1807, ch. 81, s. 2, for here has been no trial of the cause. Then comes the act of 1817, ch. 119, which says: “When any cause shall be brought up by certiorari or appeal, from an inferior to a superior jurisdiction, and the same shall be dismissed for the want of prosecution, or for other cause, it shall be the duty of the court dismissing the same, to enter judgment against principal and securities for the amount of the judgment below, with cost and twelve and a half per cent interest. So, too, by the act of 1827, ch. 13. Where a cause is so removed, and the judgment shall be affirmed, twelve and a half per cent shall be added; and by the act of 1829, ch. 16, the certiorari may be made returnable before either the county or circuit court.
The main question in the cause before us is, as to .the allowance of the twelve aid a half per cent upon the dismissal of the certiorari. This must depend upon the object for which the petition is filed. It was not for the purpose *219 of a trial of the cause upon its merits; for though the prayer in the petition is broad enough to cover such a case, yet the petition shows upon its face that the matter complained of was subsequent to the judgment, to wit: a satisfaction of the execution that had been issued by the justice, after the affirmance, which had been had in this court two terms ago.
Had the petitioner made a case proper for the inquiry, he-should have had relief by quashing the execution; as it is clear from the record, that that must have been the -object of the certiorari in this case. We think the court erred in allowing the twelve and a half per cent.
To be-authorized to give these summary judgments, which, as in the case before us, savor of penalty, the way should be clear. There is no act which, by express words, covers a case, where the relief sought by the cer-tiorari is directed to inquiry, touching the execution only; for this the judgment is reversed, and the court must give such judgment as the circuit court should have rendered.
' Judgment reversed.